**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0064n.06

No. 10-3887

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Jan 18, 2012*

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| SASA PRELEVIC, aka Pasko Ljucovic, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE: BOGGS and GIBBONS, Circuit Judges; and RUSSELL, District Judge.[*]

PER CURIAM. Sasa Prelevic, a.k.a. Pasko Ljucovic, petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Prelevic is a native of the former Yugoslavia and a citizen of Montenegro. He first arrived in the United States in 1994. An IJ denied his application for asylum, and he was deported. He returned illegally to the United States in 1997. In 2005, the Department of Homeland Security initiated removal proceedings against Prelevic. In 2006, he filed an application for withholding of removal and relief under the CAT, alleging that he would be persecuted if returned to Montenegro because he is an ethnic Albanian. In 2007, Prelevic filed an amended application for asylum,

---

[*]The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

withholding of removal, and relief under the CAT, making similar allegations and asserting that he would also be persecuted because of his religion and for deserting the Serbian army.

The IJ concluded that Prelevic's asylum application was untimely, that his testimony was not credible, and that he failed to demonstrate entitlement to relief. The BIA affirmed the IJ's findings and rejected Prelevic's claim that the IJ was biased. In his petition for review, Prelevic argues that exceptional circumstances excuse the untimely filing of his asylum application, that his testimony was credible, that he demonstrated entitlement to relief, and that he was denied due process by the IJ's bias against him.

Where, as here, the BIA does not summarily affirm or adopt the IJ's reasoning and provides an explanation for its decision, we review the BIA's decision as the final agency determination. *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1047 (6th Cir. 2007). We review legal conclusions de novo and factual findings, including credibility determinations, for substantial evidence. *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011). Under the substantial evidence standard, we will uphold administrative findings of fact unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Bi Xia Qu v. Holder*, 618 F.3d 602, 605-06 (6th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(B)). Because Prelevic filed his application for relief after May 11, 2005, it is governed by the REAL ID Act, which permits an IJ to base an adverse credibility finding on inconsistencies, inaccuracies, or falsehoods that do not go to the heart of the applicant's claim. *See Kaba v. Mukasey*, 546 F.3d 741, 749 n.1 (6th Cir. 2008).

The significant discrepancies between Prelevic's testimony, his written applications for relief, and other evidence in the record constitute substantial evidence supporting the IJ's adverse credibility determination. *See Khozhaynova*, 641 F.3d at 193-94. Prelevic testified that he did not

speak the Serbian language well, but he had conducted an interview with immigration officials using the Serbian language and he had previously identified it as his native and best language. Further, his testimony that he attended school until 1991 conflicted with his written applications, which he acknowledged falsely stated that he attended until 1993. There was also a discrepancy in Prelevic's written applications concerning whether police officers asked him to exit his vehicle, then began beating him after he complied, or whether the officers grabbed him and threw him from the vehicle. Finally, Prelevic testified that he was an active member of the Democratic League of Albania, but he failed to mention the organization in his written applications, and he could not explain the omission.

Given the proper adverse credibility determination and the lack of other evidence demonstrating that Prelevic suffered past persecution, he cannot establish that he is entitled to asylum based on past persecution. *See Pilica v. Ashcroft*, 388 F.3d 941, 950, 954 (6th Cir. 2004). Additionally, the evidence presented to the IJ, including the country reports on Montenegro and the affidavit of Dr. Bernd Fischer, was insufficient to establish that Prelevic had a well-founded fear of future persecution based on a protected ground if he returned to Montenegro. *See id.* at 950, 955. Because Prelevic cannot establish eligibility for asylum, we need not address whether his application was timely. Further, Prelevic's failure to establish eligibility for asylum precludes him from making the more stringent showing required for withholding of removal, *see El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009), and he is not entitled to relief under the CAT because he failed to demonstrate that it is more likely than not that he would be tortured if removed to Montenegro. *See id.*

Finally, Prelevic has not demonstrated that his due process rights were violated because he has not shown that he was prejudiced by the IJ's allegedly improper comments in a way that threatened the fundamental fairness of the hearing. *See Ndrecaj v. Mukasey*, 522 F.3d 667, 673 (6th Cir. 2008).

Accordingly, we deny Prelevic's petition for review.